IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| D.R., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:22CV560-ECM |
| ) | (wo) |
| TALLAPOOSA COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is a motion to dismiss filed by the Tallapoosa County Board of Education. (Doc. 13).

The Plaintiffs, D.R., through Lisa Russell and Raymond Bernard Russell, and Lisa and Raymond Bernard Russell, individually, filed a complaint in this case which contains one count bringing a claim for negligence and one count bringing several claims for violation of due process.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The allegations should be "simple, concise, and direct." FED.R.CIV.P. 8(d)(1). Each claim should be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." FED.R.CIV.P.10(b). This enables the opposing party to respond adequately and appropriately to the claims against it, and allows the court to "determine which facts

support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this case, count two appears to include both federal and state constitutional claims as well as a federal statutory claim for denial of due process. The factual basis of those separate theories is, however, difficult to discern. Additionally, at multiple points in their brief, the Plaintiffs refer to facts and theories they would allege if given leave by the Court. In view of the Plaintiffs' apparent request in brief that they be allowed to amend, the Court will give the Plaintiffs additional time in which to file an amended complaint bringing claims against the Tallapoosa County Board of Education.[1]

Accordingly, it is hereby ORDERED as follows:

1. The motion to dismiss (doc. 13) is GRANTED and the complaint is DISMISSED without prejudice.

---

[1] The Court will allow for a repleading of the claims asserted; however, the Court notes that the Plaintiffs' argument in brief that state sovereign immunity does not apply to claims under the Individuals with Disabilities Education Act does not address the Defendant's cited authorities for the proposition that this Court lacks subject matter jurisdiction over state law claims brought against a county school board. *See Ex parte Jefferson Cty. Bd. of Educ.*, 348 So. 3d 397, 402 (Ala. 2021)(holding that county boards of education are entitled to immunity).

2. The Plaintiff has until **December 22, 2022** to file a new, amended complaint that does not refer to their previous complaint, complies with the *Federal Rules of Civil Procedure* and this Order, and states separate claims in separate numbered counts.

DONE this 2nd day of December, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE