IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| D.R., *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:22CV560-ECM |
| | ) | (wo) |
| TALLAPOOSA COUNTY BOARD OF | ) | |
| EDUCATION, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Now pending before the Court is a motion to dismiss filed by the Tallapoosa County Board of Education ("the Board")(doc. 46), and a motion to dismiss filed by Defendants Chris Hand, Pamela Holloway, Page Cotton, Raymond C. Porter, and Jessie Foster (doc. 48).

The Plaintiffs, D.R., through Lisa Russell and Raymond Bernard Russell, and Lisa and Raymond Bernard Russell, individually, have filed a complaint and two amended complaints. The second amended complaint brings a claim for violation of due process under the Fourteenth Amendment against all Defendants and a claim for conspiracy to violate civil rights against all Defendants.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## III.   FACTS

The facts as pleaded by the Plaintiffs are as follows:

D.R. is a minor child who has been receiving educational services pursuant to the Individuals with Disabilities Education Improvement Act (IDEA).

In May, 2021, Defendant Jessie Foster ("Foster") sent D.R. to the office of the Principal, Defendant Chris Hand ("Hand"), for fighting. The second amended complaint

alleges that D.R. told Hand that D.R. did not fight. (Doc. 44 at 7).  Hand told D.R.'s mother by telephone that D.R. had been suspended for fighting, and she requested a hearing to include a viewing of the video recording of the alleged fight. (*Id.* at 8).  The request was denied and the police were called instead.  Hand escorted D.R. to the sidewalk to meet his mother.  D.R. told his mother that he did not fight.  Hand suspended D.R. for five days out of school and for 5 days within school.

During D.R.'s in-school suspension, the superintendent, Defendant Raymond Porter, became aware after viewing the surveillance video that D.R. did not fight the student he had been accused of fighting.

In March 2022, the Plaintiffs brought a request for an impartial due process hearing with the Alabama Statement Department of Education.  At the conclusion of that process, a final order of dismissal was entered by the Hearing Officer in June of 2022.

The Plaintiffs do not appeal the decision of the Hearing Officer, but instead bring claims for violation of constitutional procedural due process and civil conspiracy.

## IV.   DISCUSSION

The motions to dismiss by the individual Defendants and the Board raise similar grounds for dismissal, which this Court will address together.

### A.  Due Process

The scope of the due process claim asserted in the second amended complaint is unclear.  The Plaintiffs have filed three complaints bringing due process claims.  The most recent was allowed by the Court after the Board had moved to dismiss the amended

complaint, and, in response, the Plaintiffs sought to amend the complaint.  The complete heading of the "First Claim for Relief" is "Violation of Fourteenth Amendment's Procedural Due Process (All Defendants)." (Doc. 44 at p. 11).  The body of that claim sets out allegations of a violation of procedural due process under the Fourteenth Amendment, but also refers to guarantees under IDEA.  The Plaintiffs specifically state in their brief in opposition to dismissal that they are not appealing the final order of the administrative proceedings, although they then go on to argue that even if they were, they exhausted their remedies. (Doc. 55 at 10).

The Defendants move to dismiss any IDEA procedural due process claim pointing, in part, to the Hearing Officer's determination. (Doc. 47 at 6).  But the Plaintiffs, who have had three opportunities to state their claims, do not bring an appeal. (Doc. 55 at 10)("The claim at Bar is not an appeal of that final order.").  Furthermore, if the Plaintiffs had sought to claim a denial of a free and appropriate public education based on a theory not before the Hearing Officer, "the plain language of the IDEA required the Parents to file a separate administrative complaint to raise these issues and exhaust all administrative remedies regarding that complaint before filing a judicial action." *School Bd. of Lee Cty*., *Fla. v. M.M. ex rel. M.M*., 348 F. App'x 504, 512 (11th Cir. 2009).  This Court, therefore, construes the claim to be only for denial of constitutional procedural due process.

As to the claim which is alleged in the second amended complaint, the movants argue that the Plaintiffs have failed to state a claim because when a student is suspended for ten or fewer days, only notice of the charges and an opportunity to present his side of

the story is required, which, the Defendants argue, was afforded according to the facts as alleged in the second amended complaint.  In making their arguments, the Defendants rely on *C.B. v. Driscoll*, 82 F.3d 383 (11th Cir. 1996).

In *C.B.*, the minor plaintiff was a student involved in a fight at school.  The student was taken by the police to the station where her mother retrieved her.  The student and her mother talked to the school principal over the phone.  The student told the principal by phone that another student had started the fight, but the suspension remained. *Id.* at 385. The student brought a claim for violation of procedural due process, claiming that the suspension was given without notice or hearing, and that the decision was made before the phone conference with the principal. *Id.* at 386.  The Eleventh Circuit affirmed the district court's grant of summary judgment to the defendants on this claim. *Id.* at 387.  In doing so, the court relied on the Supreme Court's holding in *Goss v. Lopez*, 419 U.S. 565 (1975). *Id.* The Supreme Court held in *Goss* that students "facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." 419 U.S. at 581.  In *C.B.*, the Eleventh Circuit applied the following statement of the due process requirement: "once school administrators tell a student what they heard or saw, ask why they heard or saw it, and allow a brief response, a student has received all of the process that the Fourteenth Amendment demands." 82 F.3d at 387.  The requirement that the hearing come

before removal from school does not apply if the student is dangerous or disruptive. *Id.* In *C.B.*, the student had a chance to explain herself before the decision setting the duration of the suspension became final. *Id.* at 386. Because the student was apprised of the charges against her and the principal heard her version of the events in a phone call before the suspension decision was final, sufficient process was given. *Id.*

The Plaintiffs argue in this case that they repeatedly asked for a hearing but were denied a hearing. Denial of a formal hearing is not, however, a constitutional violation if a formal hearing was not required, as in *C.B.* The Plaintiffs also contend that they allege in the second amended complaint that they did not receive a written notice of the charge, or an explanation of the evidence that the authorities had against D.R., that D.R. never had an opportunity to present his side of the story, and that the case did not involve any "dangerous or disruptive presence." (Doc. 44 at pages 14-15). In evaluating the second amended complaint, however, this Court is not to accept legal conclusions as true, but instead must evaluate the facts alleged. *Iqbal,* 556 U.S. at 678.

The facts alleged in the second amended complaint are that Foster told Hand that D.R. was sent to the Principal's office because Foster saw D.R. fighting a student in the gym; "Hand acted to suspend D.R.," (doc. 44 ¶7); then D.R. told Hand that he did not fight the student; Hand called D.R.'s mother and told her that D.R. had been suspended for fighting another student; during that phone call with Hand, D.R.'s mother requested a hearing and asked to view the video recording of the fight; Hand called the police; when

D.R.'s mother arrived at the school, Hand escorted D.R. to the door; and, at that time, D.R. was crying and told his mother he did not fight the student. (Doc. 44 at pages 7-9).

The facts alleged in the second amended complaint are quite similar to those in *C.B.*, where no procedural due process violation was found.  Here, as in *C.B.*, a teacher reported a student for the disruptive or dangerous activity of fighting, the student denied the accusation of fighting and communicated his denial to the principal, and the principal communicated the final suspension decision to the parent.  Although the opinion in *C.B.* was a review of a summary judgment order, in this case, the facts of Hand's actions and D.R.'s communication with Hand about his side of the story are alleged in the second amended complaint, and the Court has accepted those facts.  This Court concludes, therefore, that, under *C.B.*, the second amended complaint does not adequately allege a Fourteenth Amendment procedural due process violation.

B.  Conspiracy

The second amended complaint also includes a 42 U.S.C. § 1985 conspiracy claim which appears to be a claim of a conspiracy to violate both IDEA and the Fourteenth Amendment.

The Defendants have invoked the intracorporate conspiracy doctrine.  Pursuant to that doctrine, the employees of a corporation or government agency cannot form a conspiracy among themselves because the organization and its employees are treated as a single legal actor. *See Dickerson v. Alachua Cty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000).  The intracorporate conspiracy doctrine bars § 1985(3) claims where the only

7

alleged conspirators are government employees who were acting within the scope of their official duties. *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010).  In addition, failure to allege facts of "invidious discriminatory intent" undermines a section 1985 conspiracy claim. *See Nassar v. Fla. Dep't of Agric.,* 754 F. App'x 903, 907 (11th Cir. 2018)(upholding dismissal of due process and conspiracy claims against defendants where it was not alleged that they acted with any discriminatory purpose).

In this case, the Defendants are employees of the Board alleged to be acting in the scope of their employment.  The Plaintiffs argue that a distinction should be made between the cases applying the intracorporate conspiracy doctrine and this case because these Defendants are employed by a school board and this is not an employment matter.  Those distinctions, however, have not been recognized in caselaw.  *See Dickerson*, 200 F.3d at 767; s*ee also Edwards v. Dothan City Sch.*, 2022 WL 601760, at *1 (M.D. Ala. Feb. 28, 2022).  Accordingly, conspiracy claims are due to be dismissed.

## V.    CONCLUSION

For the reasons discussed, it is hereby ORDERED that the motions to dismiss (doc. 46 & 48) are GRANTED.

Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE the 24th day of April, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE